**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **INTERFACE IP HOLDINGS LLC,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 2:23-cv-00200** |
| **LATAM AIRLINES GROUP S.A.,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, Interface IP Holdings LLC ("Interface IP"), makes the following allegations against Defendant Latam Airlines Group S.A. ("Defendant" or "Latam"):

## THE PARTIES

1.      Plaintiff Interface IP is a limited liability company duly organized and existing under the laws of Oregon, having its principal place of business in Bend, Oregon.

2.      On information and belief, Defendant Latam is a foreign company having its principal place of business in Santiago, Chile.

## NATURE OF THE ACTION

3.      This is a civil action for the infringement of United States Patent Nos. 7,080,325 ("the '325 patent"), 7,406,663 ("the '663 patent") and 7,500,201 ("the '201 patent") (collectively, "the Patents-in-Suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United

States, including 35 U.S.C. § 271, *et seq*.

5.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) because, *inter alia*, Defendant is not a resident of the United States.

6.    On information and belief, Defendant is subject to this Court's specific and/or general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) directly and/or through subsidiaries or intermediaries, regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving revenue from goods and services provided to individuals in Texas and in this District.  In addition, or in the alternative, this Court has personal jurisdiction over Defendant pursuant to Fed. R. Civ. P. 4(k)(2).

**THE PATENTS-IN-SUIT**

7.    On July 18, 2006, the '325 patent, titled "Graphical Device For Comprehensive Viewing And Input Of Variable Data Via A Browser-Based Display," was duly and lawfully issued by the United States Patent and Trademark Office ("PTO").  The '325 patent is attached hereto as Exhibit A.

8.    On July 29, 2008, the '663 patent, titled "Graphical Input Device With Dynamic Field Width Adjustment For Input Of Variable Data Via A Browser-Based Display," was duly and lawfully issued by the PTO.  The '663 patent is attached hereto as Exhibit B.

9.    On March 3, 2009, the '201 patent, titled "Data Input Method And System With Multi-Sub-Field Matching Of User Entries Into A Graphical Input Device," was duly and lawfully issued by the PTO.  The '201 patent is attached hereto as Exhibit C.

10.    The Patents-In-Suit generally relate to advanced graphical input devices.



*See*, *e.g.*, (Ex. A, the '325 Pat., FIG. 2B).

11.    Interface IP owns the Patents-In-Suit and holds the right to sue and recover damages for infringement thereof, including past infringement.

12.    The Patents-In-Suit are valid, enforceable, and, as of their priority dates, the inventions claimed involved more than well understood, routine, and conventional activities.

### ONEWORLD ALLIANCE

13.    Oneworld is an airline alliance founded in 1999.

14.    Oneworld Management Company, Inc. ("Oneworld Management") is a Delaware corporation with offices at 1 Skyview Drive, Ft. Worth, TX 76155.  On information and belief, the CEO of Oneworld Management reports to the Oneworld Governing Board, which is made up of airline CEOs at each member airline.

15.    On information and belief, Latam joined the Oneworld alliance in 2013 and was a member until 2020 when Delta Airlines, Inc. ("Delta") acquired a significant stake in Latam.

16.    In 2017, Interface IP made a patent portfolio license offer, via Oneworld Management, to Latam that would cover Latam's website infringement of the Patents-In-Suit.

17.    In 2018, Oneworld Management acquired a license to the Patents-In-Suit after entering into a license agreement with Interface IP ("Oneworld License Agreement").  Latam is

not currently a licensee of the Patents-In-Suit.

18.    On information and belief, the Oneworld License Agreement was transmitted in 2018 to Latam.  On information and belief, Oneworld Management was contractually obligated to transmit the specific terms of all settlements, expenses, and other similar items to Latam in 2018 because Latam was a Oneworld alliance owner, member and/or operator.

19.    Latam's current General Counsel, Helen V. Warner, has been General Counsel at Latam since July 2006.  Ms. Warner was General Counsel at Latam in 2018 and, on information and belief, would have been privy to the Oneworld License Agreement and any patent portfolio license offers conveyed from Interface IP to Latam via Oneworld Management.[1]

## LATAM OWNERSHIP

20.    On November 20, 2012, Interface IP accused Delta of infringing the '663 and '201 patents in Delaware federal court for using technology on its website that mirrors the technology that has been in use for several years at www.latamairlines.com.  On January 9, 2013, Delta and Interface IP filed a joint motion for dismissal pursuant to a Settlement Agreement between the parties.

21.    Delta is currently a significant owner of Latam and, on information and belief, is (or has been) represented on Latam's Board of Directors.

22.    On June 19, 2017, Interface IP accused Qatar Airways Q.C.S.C. ("Qatar Airways") of infringing the '663 and '201 patents in a Texas federal court for using technology on its website that mirrors the technology that has been in use for several years at www.latamairlines.com.  On November 21, 2017, Interface IP dismissed its case against Qatar Airways after the parties entered into a patent license agreement and Qatar Airways became a licensee of the Patents-In-Suit.

---

[1] https://www.linkedin.com/in/helen-warner-627a5522/

23.     On information and belief, Qatar Airways, through its subsidiaries and/or affiliates, owns a significant stake in Latam.

## INTERFACE IP BACKGROUND

24.     The chief inventor of the Patents-in-Suit, Varda Treibach-Heck, is a prolific inventor with a portfolio of seven diverse patents.

25.     Filing and receiving seven patents—some of which Ms. Treibach-Heck prosecuted personally at the PTO—represents a significant level of dedication and perseverance.

26.     Ms. Treibach-Heck is entitled to license her patents.

27.     Ms. Treibach-Heck founded Interface IP to ethically license her many inventions.

28.     Interface IP relies on patent protection to effectively license its technology.  On information and belief, Latam equally depends on intellectual property rights, including patents, to protect its intellectual property.

29.     Licensees of the Interface IP patent portfolio include nearly every major airline on planet earth.  Interface IP has been ethically licensing its technology to the worldwide airline industry since 2012.

## LATAM USE OF INTERFACE IP TECHNOLOGY

30.     Interface IP restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

31.     Latam's website, www.latamairlines.com, uses a data input method, in a mark-up language-based browser, to generate and display a graphical input device.



*See, e.g.*, (Latam Website, available at
https://www.latamairlines.com/us/en.)

32.    Latam's website associates a graphical input device with an input parameter with a
displayed data entry field of a certain display width.  (*See, e.g.*, *Id.*)

33.    Latam's website associates a set of user-selectable choices with a graphical input
device.



*See, e.g.*, (Latam Website, available at
https://www.latamairlines.com/us/en.)

34.    Each of the user-selectable choices has at least one pair of information fields
separated by a delimiter with each information field comprising sequentially ordered characters.
(*See, e.g.*, *Id.*)

35.    Latam's website is designed to sense a user selection of the graphical input device
and display on the screen a list of user-selectable choices—the list having a certain display width.



*See, e.g.*, (Latam Website, available at
https://www.latamairlines.com/us/en.)

36.    By executing a script, Latam's website can determine a minimum display width to make visible the widest user-selectable choice and automatically set the second display.



*See, e.g.*, (Latam Website, available at
https://www.latamairlines.com/us/en.)

37.    Latam's website allows users to select their desired destination or enter a character sequence to search the information fields provided in the user-selectable choices—resulting in the website highlighting at least one of the matching choices.  (*See, e.g.*, *Id.*)  Users can search cities, airport codes, countries, and specific airport names—and then select the user-selectable choice that matches the input best.  (*See, e.g.*, *Id.*)

38.     On information and belief, Latam's website has been using the same technology described above since at least 2021.

## COUNT I: INFRINGEMENT OF THE '325 PATENT

39.     Interface IP restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

40.     The '325 patent is valid and enforceable under United States Patent Laws.

41.     Defendant has directly infringed at least claim 1 of the '325 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using and/or operating one or more graphical input devices on its websites that practice at least claim 1 including, for example, the graphical input device at www.latamairlines.com.

42.     Defendant has indirectly infringed the '325 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '325 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

43.     On information and belief, Defendant has been aware of the '325 patent at least since the middle of 2018 as described above—and specifically acknowledged a notice of infringement from Interface IP through its counsel on November 18, 2022.

44.     After Defendant was on notice of the '325 patent, Defendant actively, knowingly, and intentionally induced infringement of the '325 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using and/or operating one or more graphical input devices on its website that practiced at least claim 1 of the '325 patent including, for example, the graphical input device at www.latamairlines.com, knowing of the '325 patent, knowing that others would use and/or operate its website in an infringing manner, and knowing and intending to

encounter and facilitate those infringing uses and/or operations of its website through the creation and/or dissemination of promotional and marketing materials, including links to its website.

45.     On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant intentionally took steps to avoid learning the extent of its infringement of the '325 patent.

46.     Defendant's infringement has been willful and deliberate, entitling Interface IP to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

47.     Interface IP has been damaged by Defendant's infringement of the '325 patent.

## COUNT II: INFRINGEMENT OF THE '663 PATENT

48.     Interface IP restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

49.     The '663 patent is valid and enforceable under United States Patent Laws.

50.     Defendant has directly infringed at least claim 1 of the '663 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using and/or operating one or more graphical input devices on its websites that practice at least claim 1 including, for example, the graphical input device at www.latamairlines.com.

51.     Defendant has indirectly infringed the '663 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '663 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

52.     On information and belief, Defendant has been aware of the '663 patent at least since the middle of 2018 as described above.

53.    After Defendant was on notice of the '663 patent, Defendant actively, knowingly, and intentionally induced infringement of the '663 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using and/or operating one or more graphical input devices on its website that practiced at least claim 1 of the '663 patent including, for example, the graphical input device at www.latamairlines.com, knowing of the '663 patent, knowing that others would use and/or operate its website in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses and/or operations of its website through the creation and/or dissemination of promotional and marketing materials, including links to its website.

54.    On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant intentionally took steps to avoid learning the extent of its infringement of the '663 patent.

55.    Defendant's infringement has been willful and deliberate, entitling Interface IP to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

56.    Interface IP has been damaged by Defendant's infringement of the '663 patent.

## COUNT III: INFRINGEMENT OF THE '201 PATENT

57.    Interface IP restates and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

58.    The '201 patent is valid and enforceable under United States Patent Laws.

59.    Defendant has directly infringed at least claim 1 of the '201 patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by using and/or operating one or more input fields of a graphical input device on its websites that practice at least claim 1 including, for example, the input field of the graphical input device at www.latamairlines.com.

60.    Defendant has indirectly infringed the '201 patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '201 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties).

61.    On information and belief, Defendant has been aware of the '201 patent at least since the middle of 2018 as described above.

62.    After Defendant was on notice of the '201 patent, Defendant actively, knowingly, and intentionally induced infringement of the '201 patent by others (*e.g.,* Defendant's customers, distributors, partners, and/or third parties) by using and/or operating one or more graphical input devices on its website that practiced at least claim 1 of the '201 patent including, for example, the graphical input device at www.latamairlines.com, knowing of the '201 patent, knowing that others would use and/or operate its website in an infringing manner, and knowing and intending to encourage and facilitate those infringing uses and/or operations of its website through the creation and/or dissemination of promotional and marketing materials, including links to its website.

63.    On information and belief, through Defendant's policies or practices of not investigating whether its products and services infringe the patents of others, Defendant intentionally took steps to avoid learning the extent of its infringement of the '201 patent.

64.    Defendant's infringement has been willful and deliberate, entitling Interface IP to additional damages.  Defendant has engaged in reckless conduct despite an objectively high likelihood that its actions constituted infringement of a valid patent.

65.    Interface IP has been damaged by Defendant's infringement of the '201 patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Interface IP respectfully requests that this Court enter judgment against Defendant as follows:

a)  adjudging that the Defendant has infringed, literally or under the doctrine of equivalents, the Patents-in-Suit;

b)  adjudging that Defendant's infringement of the Patents-in-Suit is willful;

c)  awarding Interface IP the damages to which it is entitled under 35 U.S.C. § 284 for Defendant's infringement;

d)  adjudging that this case is exceptional under 35 U.S.C. § 285 and awarding Interface IP attorneys' fees, costs, and expenses that it incurs in prosecuting this action;

e)  awarding Interface IP pre-judgment and post-judgment interest on its damages; and

f)  awarding Interface IP such other and further relief in law or equity that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Interface IP hereby respectfully demands a trial by jury on all claims and issues so triable.


Dated: May 8, 2023                              Respectfully submitted,


                                         By:   */s/ Eric H. Findlay*
                                               Eric H. Findlay
                                               State Bar No. 00789886
                                               Brian Craft
                                               State Bar No. 04972020
                                               FINDLAY CRAFT, P.C.
                                               7270 Crosswater Avenue, Suite B
                                               Tyler, Texas 75703
                                               Tel: (903) 534-1100
                                               Fax: (903) 534-1137
                                               Email: efindlay@findlaycraft.com
                                               Email: bcraft@findlaycraft.com

Bradford J. Black
Texas Bar No. 24086243
BRADFORD BLACK P.C.
500 W. 2nd Street, Ste. 1900
Austin, TX 78701
Email: bblack@bradfordblack.com
Tel: (415) 813-6210
Fax: (415) 813-6222

**ATTORNEYS FOR PLAINTIFF**